IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2007 OCT 24   A 10: 06

| | |
|---|---|
| William Ray Ward, #0915566, ) | C. A. No. 2:07-0106-HMH-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Parole, Probation and Pardon ) Board; J. Benjamin Aplin, ) | |
| Defendants. ) | |

This civil rights action, brought by a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983[1], is before the undersigned United States Magistrate Judge for a report and recommendation on cross motions for summary judgement.

On January 12, 2007, the plaintiff, William Ray Ward, sued the Parole, Probation and Pardon Board[2] (PPPB) and J. Benjamin

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

[2] The proper name of this defendant is the Department of Probation Parole and Pardon Services.

1

Alpin, an attorney employed by the PPPB, and alleged that they violated his constitutional rights to due process and equal protection. He contends that the PPPB took away his parole eligibility and refuses to reinstate it despite the fact that the plaintiff told the PPPB that he pled guilty pursuant to a negotiated plea bargain which guaranteed him parole eligibility. Alpin is alleged to have violated his rights by representing the PPPB at a hearing held October 5, 2006, during which Plaintiff sought reinstatement of parole eligibility. Plaintiff seeks damages and reinstatement of parole eligibility.

The defendants answered and on June 20, 2007, they filed a motion for summary judgment. On July 2, 2007, Plaintiff was provided a copy of the defendant's summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a motion for summary judgment on July 9, 2007, and the defendants filed an opposition to the motion on July 12, 2007. Hence, it appears consideration of the motions are appropriate.

### SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence

of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated.  Fed.R.Civ.P. 56(c).  To avoid summary judgment on a defendant's motion, a plaintiff must produce evidence creating a genuine issue of material fact.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).  In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, at 255, 106 S.Ct. at 2513-14.

**FACTS**

Plaintiff has unsuccessfully litigated the issue of his non-eligibility for parole in a plethora of actions in state and federal court.  Plaintiff brought a habeas corpus action in this court seeking to have his conviction overturned because, in relevant part, he was sentenced without eligibility for parole.  C/A  2:96-1712-20 AJ.  That petition was dismissed by order of the Honorable Henry M. Herlong, Jr., United States District

3

Judge, and the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed on the reasoning of the district court. Ward v. Ward, 141 F.3d 1162 (4th Cir. 1998). In his order Judge Herlong recited facts relevant to this action as follows:

> Facts
> 
> Ward is serving a sentence for kidnaping, burglary, and two counts of criminal sexual conduct. The sentence encompasses two separate incidents. On July 2, 1987, Ward raped an adult female. Around midnight on March 2, 1988, Ward, high on cocaine, kidnaped a twelve-year-old girl, took her to a secluded area in his truck, raped her, and then dropped her off at a highway intersection.
> 
> Ward was indicted for two counts of first-degree criminal sexual conduct, two counts of kidnaping, and one count of first-degree burglary. On May 24, 1988, Ward pled guilty. To encourage Ward's guilty plea, the state 1) dropped the kidnap charge relating to the adult female, 2) changed the criminal sexual conduct charges relating to the adult female from first to third degree, and 3) recommended that certain sentences run concurrently.
> 
> The Honorable James B. Stephen, Circuit Court Judge, sentenced Ward to life imprisonment for the kidnaping charge; fifteen (15) years, consecutive, on the burglary charge; and thirty (30) years and ten (10) years, concurrent, on the criminal sexual conduct charges. At the sentencing, Judge Stephen informed Ward of the maximum sentences for each charge, and Ward indicated that he understood them. (App. at 3-4). There is no evidence that the court, attorneys, or Ward ever brought up the issue of Ward's eligibility for parole.
> 
> Because Ward had previously been convicted of a "violent crime" (kidnaping) in an unrelated incident, the Omnibus Criminal Justice Improvements Act of 1986 ("the Omnibus Act") made Ward ineligible for parole. See, S.C. Code Ann. §

>   24-21-640 (Law. Co-op. 1989)[3] (this law became
>   effective June 3, 1986). Ward's attorneys, Robert
>   Stoddard and Charles Sanders, admit that they had
>   not read all of the portions of the Omnibus Act
>   and did not inform Ward that he would be
>   ineligible for parole. Ward states that because
>   he was previously incarcerated and paroled on
>   similar charges, he assumed that he would be
>   eligible for parole this time. He had previously
>   been imprisoned for kidnaping and assault, and
>   although he was sentenced to life plus ten years
>   for these crimes, he was paroled after eight or
>   nine years.
>     Ward did not appeal his guilty plea. He
>   states that one year after his guilty plea, he
>   discovered that he was ineligible for parole.
>   (Pet. Writ Hab. Corp. at 9). In November, 1993,
>   Ward filed an application for post-conviction
>   relief ("PCR") alleging ineffective assistance of
>   counsel. (App. at 28-30). The Honorable Gary E.
>   Clary denied Ward's petition on September 23,
>   1994. (App. at 103). On October 21, 1994, Ward
>   appealed Judge Clary's order to the South Carolina
>   Supreme Court. The supreme court denied Ward's
>   petition on June 1, 1995, and dismissed the
>   petition on June 19, 1995. (Remittitur of June 19,
>   1995).

Additionally, on November 6, 1998, Plaintiff filed a "Petition for Writ of Habeas Corpus" in state court against the South Carolina Department of Corrections ("SCDC") and PPPB in the same matter. Following a hearing, SCDC and PPPB's Motion to Dismiss was granted by the Honorable Edward B. Cottingham.

Plaintiff brought a second PCR application in the matter which was dismissed on January 5, 2004, following a hearing.

---

[3] S.C. Code Ann. Section 24-21-640 provides "the board must not grant parole, nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a prior conviction for violent crimes as defined in section 10-1-10.

5

Plaintiff also wrote numerous letters to the PPPB and was consistently informed of the reasons he was not eligible for parole. On July 11, 2005, Plaintiff sent a letter to defendant Aplin requesting that he be made eligible for parole. Again, Plaintiff was informed he was not being eligible for parole and the specific reasons for the Department's stance. (See July 15, 2005, Letter to William Ray Ward from Tommy Evans, Jr., Legal Counsel; attached as defendant Exhibit K). Further, this letter explained to Plaintiff that he was never eligible for parole and should file a timely appeal with the Administrative Law Judge Division if he wished to challenge the PPPB's final decision. Plaintiff did not file an appeal as specified.

On September 7, 2005, Plaintiff filed a "Writ of Mandamus Petition" with the South Carolina Circuit Court, Seventh Judicial Circuit, attempting to overturn his status of not being eligible for parole. Following a hearing which included testimony from Ward and arguments from his legal counsel as well as arguments from counsel for PPPB, on December 12, 2006, the Honorable J. Mark Hayes, II issued a comprehensive Order dismissing Ward's claims with prejudice based in part on res judicata. (See defendant's Exhibit A). Ward did not appeal this decision.

## DISCUSSION

A review of the record and relevant case law reveals that the defendants are entitled to judgment as a matter of law and

that the plaintiff's summary judgment motion should be denied.

No matter how the plaintiff attempts to cast his claims in his various pleadings in the instant matter, it is clear that he is asking that, "defendant be ordered to reinstate plaintiff's parole eligibility" and that he be awarded damages for emotional distress. (See, complaint prayer pg. 5). He is attempting to relitigate his parole eligibility status in the guise of a civil rights action under 42 U.S.C.§ 1983. This he cannot do for various reasons.

Any claim Plaintiff may be asserting against the PPPB and Alpin in his official capacity fails because the Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 (1989). Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments ..." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908 (1984)). South Carolina has not consented to being sued in civil rights actions in the federal courts and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted Section 1983. See, e.g., Hutzell v. Sayre, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, any claim against the PPPB and its attorney in his official capacity would

fail to state a claim for which relief may be granted.

Next, to the extent Plaintiff raised his claims against Defendant J. Kenneth Alpin in his individual capacity for damages, Defendant is entitled to qualified immunity from suit. The United States Supreme Court has stated that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Fourth Circuit has further stated "In determining whether the specific right allegedly violated was 'clearly established', the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged.' Moreover, 'the manner in which this [clearly established] right applies to the actions of the official must also be apparent.' As such, if there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." Id.

Here, defendant Alpin violated no rights of the plaintiff's, much less a clearly established constitutional right. It is undisputed that Plaintiff was sentenced for violent crimes in 1978 and again in 1998 without appeal. Under S.C. Code Ann. §

8

24-21-640, Plaintiff is ineligible for parole. Alpin merely carried out his duty as an attorney to represent his client, the PPPB, in carrying out its statutory directive. It simply cannot be said that Alpin committed any constitutional tort. See, e.g., Butz v. Economou, 438 U.S. 478 (1978). Alpin is entitled to qualified immunity from suit in his individual capacity.

Various other grounds for dismissal of the action are present here. For example, since the plaintiff seeks to change the terms of his sentence, this action in federal court must be brought as an action for a writ of habeas corpus, under 28 U.S.C. § 2254. See, Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90, 93 S.Ct. 1827 (1973). Thus, claims against state officials for breach of plea agreements, implicating, as such claims do, the terms of one's conviction or sentence, must be raised pursuant to a habeas petition. See, e.g., Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543 (1984). Plaintiff's habeas corpus action here was denied on the merits and that denial was affirmed on appeal. He cannot now attack his sentence through a civil rights complaint.

Additionally, the statute of limitations on his claim that he has been wrongly denied parole eligibility has long since run. As with many civil rights statutes, 42 U.S.C. § 1983 does not contain a specific statute of limitations' period. The Supreme Court has addressed this issue and determined that claims under

9

Section 1983 most closely resemble tort law. Thus, the applicable statute of limitations for tort claims in the state where the action originated governs actions under Section 1983. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985). In South Carolina, the statute of limitations period is three years for actions arising on or after April 5, 1988. <u>See</u>, S.C. Code Ann. § 15-3-530.

In the best light, Plaintiff knew he was not parole eligible about one year after his 1988 guilty plea according to the plaintiff in his sworn habeas petition in this court; this action comes approximately eighteen (18) years past the running of the statute.

Lastly, the doctrine of res judicata bars this claim. Here, the lengthy procedural history which preceded this suit resulted in judgments against the plaintiff on the claim he seeks to litigate presently. Plaintiff attempts to clothe this case differently in some regards, but the legal issue and argument remain the same. Plaintiff is statutorily ineligible for parole based upon the crimes for which he was convicted and never appealed. Courts have repeatedly so found.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended the plaintiff's motion for summary judgment be

denied, the defendant's motion for summary judgment be granted, and this matter ended.

                                        Respectfully submitted,

                                        Robert S. Carr
                                        United States Magistrate Judge

Charleston, South Carolina

October 23, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).